**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Kalama M. Lui-Kwan (SBN 242121)
kalama.lui-kwan@troutman.com
Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

*Attorneys for Defendants*
*Wells Fargo Bank, N.A., and*
*Wells Fargo & Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAMARA GREEN; BRETT JACOB; and CHARLES JOHNSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No. 3:20-cv-05296-JD<br>(Related Case No. 3:20-cv-06009-JD)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 19, 2020<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Courtroom: 11 (via Zoom) |

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on November 19, 2020, at 10:00 a.m., via Zoom, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, defendants Wells Fargo Bank, N.A. and Wells Fargo & Company will and hereby do move to dismiss the first amended class action complaint ("FAC") filed by plaintiffs Samara Green, Brett Jacob, and Charles Johnson, on behalf of themselves and, purportedly, all others similarly situated.[1] Specifically, the two Wells Fargo entities move to dismiss the FAC in its entirety for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reasons set forth below.

This motion is based on this notice of motion and motion to dismiss; the memorandum of points and authorities appended hereto; defendants' motion to stay or in the alternative, transfer, filed in this Court on September 11, 2020, at ECF No. 19; all other pleadings and papers on file herein; and such other matters as may be presented to the Court at the time of the hearing.

Dated:          October 9, 2020                    Respectfully Submitted,

                                                   TROUTMAN PEPPER HAMILTON
                                                   SANDERS LLP


                                                   By:*/s/ Kalama M. Lui-Kwan*
                                                      Kalama M. Lui-Kwan
                                                      Elizabeth Holt Andrews

                                                      *Attorneys for Defendants Wells Fargo*
                                                      *Bank, N.A. and Wells Fargo & Company*

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

---

[1] This motion to dismiss is intended to be an alternative motion, should the Court deny defendants' pending motion to stay or transfer this matter, filed September 11, 2020. *See* ECF 19. Should the Court grant defendants' motion to stay or transfer, it need not rule on the instant motion.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL & PROCEDURAL HISTORY ......................................................... 2

    A.    The CARES Act ...................................................................................... 2

    B.    Plaintiffs' Mortgage Loans ..................................................................... 3

    C.    This Lawsuit ............................................................................................ 3

III.  LEGAL STANDARD ........................................................................................ 4

IV.   ARGUMENT ...................................................................................................... 5

    A.    The FAC Fails to State a Claim Under the Georgia Fair Business Practices Act ......................................................................................................... 5

        1.    The GFBPA Does Not Apply to Residential Mortgage Servicing Activity ......................................................................... 5

        2.    The FAC Does Not Allege That Green Suffered Any Actual Damages .......................................................................... 7

    B.    The FAC Fails to State a Claim Under the New York Deceptive Trade Practices Act ........................................................................................... 7

        1.    The NY DTPA Does Not Apply to Residential Mortgage Servicing Activity ......................................................................... 7

        2.    The FAC Does Not Allege That Jacob Suffered Any Actual Damages .......................................................................... 9

    C.    The FAC Fails to State a Claim Under the California Consumer Credit Reporting Agencies Act ......................................................................... 10

    D.    The FAC Fails to State a Claim Under California's Rosenthal Act .................... 11

    E.    The FAC Fails to State a Claim for Unjust Enrichment ...................................... 13

    F.    Wells Fargo & Company Does Not Belong in This Lawsuit................................ 14

V.    CONCLUSION ................................................................................................. 15

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
San Francisco, CA  94111

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Agnew v. Great Atl. & Pac. Tea Co.*,
5   502 S.E.2d 735 (Ga. App. 1998) ...................................................................................7

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................4
7

8

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983) .......................................................................................................4

9

10

*Bailey v. Sec. Nat'l Servicing Corp.*,
    154 F.3d 384 (7th Cir. 1998) .......................................................................................12

11

*Banga v. Experian Info. Sol., Inc.*,
    No. C 09-04867 SBA, 2013 WL 5539690 (N.D. Cal. Sept. 30, 2013) ........................11
12

13

*Bildstein v. Mastercard Int'l Inc.*,
    No. 03 Civ. 98261(WHP), 2005 WL 1324972 (S.D.N.Y. June 6, 2005) .......................9

14

*Brogdon v. Nat'l Healthcare Corp.*,
15   103 F. Supp. 2d 1322 (N.D. Ga. 2000) ..........................................................................6

16

*Connor v. First Student, Inc.*,
    5 Cal. 5th 1026, 958 (2018) .........................................................................................11

17

18

*Chancellor v. Gateway Lincoln-Mercury*,
    502 S.E.2d 799 (Ga. Ct. App. 1998) ..............................................................................6

19

*Citigroup Inc. v. AHW Inv. P'ship*,
20   140 A.3d 1125 (Del. 2016) ...........................................................................................14

21

*County of Nassau v. Expedia, Inc.*,
    120 A.D. 3d 1178 (N.Y. App. Div. 2014) .....................................................................13
22

23

*Crosse v. BCBSD, Inc.*,
    836 A.2d 492 (Del. 2003) .............................................................................................14

24

*Daniel v. Mondelez Int'l, Inc.*,
25   287 F. Supp. 3d 177 (E.D.N.Y. 2018) ...........................................................................9

26

*Delpapa v. Wells Fargo Bank, N.A.*,
    No. 3:20-cv-06009-JD ....................................................................................................3

27

*Doberstein v. G-P Indus., Inc.*,
28   C.A. No. 9995-VCP, 2015 WL 6606484 (Del. Ch. Oct. 30, 2015) .......................14, 15

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 3:20-CV-5296-JD

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*,
    371 F. Sup. 3d 1150, 1177–78 (N.D. Ga. 2019) ........................................................5

*Fellows v. CitiMortgage, Inc.*,
    710 F. Supp. 2d 385 (S.D.N.Y. 2010).......................................................................8

*Figueroa v. JP Morgan Chase Bank, N.A.*,
    No. 109-CV-1874-RWS, 2010 WL 4117032 (N.D. Ga. Oct. 7, 2010).......................6

*Flores v. Collection Consultants of Cal.*,
    No. SACV 14-771-DOC, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) ...............12

*Friends of Del Norte v. Cal. Dep't of Transp.*,
    No. 3:18-cv-00129-JD, 2020 WL 1812175 (N.D. Cal. Apr. 9, 2020) ......................4

*Gamble v. Synchrony Bank*,
    No. EDCV 19-1229 JGB (SPx), 2020 WL 4258646 (C.D. Cal. Apr. 30, 2020) ..................10

*Ghirardo v. Antonioli*,
    14 Cal. 4th 39 (1996) ..............................................................................................14

*In re Gilead Sci. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008)...................................................................................4

*Goines v. Valley Cmty. Servs. Bd.*,
    822 F.3d 159 (4th Cir. 2016) ....................................................................................2

*Greene v. Gerber Prods. Co.*,
    262 F. Supp. 3d 38 (E.D.N.Y. 2017) .........................................................................9

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
    277 F. Supp. 2d 269 (S.D.N.Y. 2003)........................................................................8

*Hasemann v. Gerber Prods. Co.*,
    No. 15CV2995MKBRER, 2019 WL 2250687 (E.D.N.Y. Feb. 20, 2019),
    *report and recommendation adopted as modified*, 331 F.R.D. 239 (E.D.N.Y.
    2019) .........................................................................................................................9

*Hill v. Roll Int'l Corp.*,
    195 Cal. App. 4th 1295 (2011).................................................................................13

*Jackman v. Hasty*,
    No. 1:11-CV-2485-RWS, 2011 WL 854878 (N.D. Ga. Mar. 8, 2011) .....................6

*Jenkins v. BAC Home Loan Servicing, LP*,
    822 F. Supp. 2d 1369 (M.D. Ga. 2011) ................................................................6, 7

*Johnson v. Riverside Healthcare Sys.*,
    534 F.3d 1116 (9th Cir. 2008)...................................................................................4

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- iii -

CASE NO. 3:20-CV-5296-JD

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Koch v. Greenberg*,
   No. 07 Civ. 9600(BSJ), 2008 WL 4450273 (S.D.N.Y. Sept. 30, 2008) ...................8

*Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015)................................................................................3

*Lectrodryer v. SeoulBank*,
   77 Cal. App. 4th 723 (2000)................................................................................13

*Leitner v. Sadhana Temple of N.Y., Inc.*,
   No. CV 13-07902 MMM (Ex), 2014 WL 12588643 (C.D. Cal. Oct. 14, 2017) .....................14

*Levine v. Blue Shield of Cal.*,
   189 Cal. App. 4th 1117 (2010).............................................................................13

*Marceau v. Blackfeet Hous. Auth.*,
   540 F.3d 916 (9th Cir. 2008)..................................................................................4

*May v. S.E. GA Ford, Inc.*,
   811 S.E.2d 14 (Ga. App. 2018)............................................................................13

*McKell v. Wash. Mut., Inc.*,
   142 Cal.App.4th 1457 (2006)..............................................................................13

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003)..............................................................................13

*N.Y. Univ. v. Cont'l Ins. Co.*,
   87 N.Y.2d 308 (N.Y. 1995).................................................................................8

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)..................................................................................4

*Ng v. HSBC Mortg. Corp.*,
   No. 07-CV-5434...................................................................................................8

*Perkins v. Silverstein*,
   939 F.2d 463 (7th Cir.1991)..................................................................................2

*Raquedan v. Volume Servs., Inc.*,
   No. 18-CV-01139-LHK, 2020 WL 1929343 (N.D. Cal. Apr. 21, 2020)...........................11

*Rhodes v. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2006-HE3*,
   No. 07 CV 1544 (ERK), 2007 WL 9723296 (E.D.N.Y. Aug. 6, 2007)...........................8

*Riggs v. Prober & Raphael*,
   681 F.3d 1097 (9th Cir. 2012).............................................................................11

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 3:20-CV-5296-JD

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*Robbins v. CitiMortgage, Inc.*,
No. 16-CV-04732-LHK, 2017 WL 6513662 (N.D. Cal. Dec. 20, 2017) ................................10

*Rutherford Holdings, LLC v. Plaza Del Rey*,
223 Cal. App. 4th 221 (2014).............................................................................................13

*Saechao v. Prime Recovery LLC*,
No. 2:19-cv-1723 KJM DB, 2020 WL 2731035 (E.D. Cal. May 26, 2020)..........................11

*In re Salvador*,
456 B.R. 610 (Bankr. M.D. Ga. 2011) ...................................................................................6

*Small v. Lorillard Tobacco Co.*,
720 N.E.2d 892 (1999).........................................................................................................9

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...............................................................................................4

*Teller v. Bill Hayes, Ltd.*,
213 A.D.2d 141 (N.Y. App. Div. 1995) .................................................................................8

*Tiismann v. Linda Martin Homes Corp.*,
610 S.E.2d 68 (Ga. 2005) .....................................................................................................7

*Trujillo v. First Am. Registry, Inc.*,
157 Cal. App. 4th 628 (2007)..............................................................................................11

*Turner v. Moody Bible Inst. of Chicago, Inc.*,
No. 1:15-CV-03711-LMM, 2016 WL 7839105 (N.D. Ga. Mar. 9, 2016)...............................7

*United States v. Bestfoods*,
524 U.S. 51 (1998)..............................................................................................................14

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ...............................................................................................2

*Vignolo v. Miller*,
120 F.3d 1075 (9th Cir. 1999)..............................................................................................4

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003).............................................................................................4

**Statutes**

15 U.S.C. § 1692e(2) .........................................................................................................12

15 U.S.C. § 1692e(5) .........................................................................................................12

15 U.S.C. § 1692e(8) .........................................................................................................12

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

CASE NO. 3:20-CV-5296-JD

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

15 U.S.C. § 1692e(10) ................................................................................12

15 U.S.C. § 1692f(1) ..................................................................................12

Cal. Civ. Code § 1788.1 .............................................................................11

Cal. Civ. Code § 1785.25(a) ...............................................................10, 11

Cal. Civ. Code §§ 1785.1 *et seq.* ..............................................................5

Cal. Civ. Code §§ 1788 *et seq.* .................................................................5

CARES Act, Pub. L. 116-136, §§ 4022(b), 4023, 134 Stat. 281, 490–92 (2020).........................1, 2

Ga. Code Ann. § 10-1-392(A)(10) ..............................................................5

Ga. Code Ann. § 10-1-393(A) .....................................................................5

Ga. Code Ann. §§ 10-1-390 *et seq.* ..........................................................5

N.Y. Gen. Bus. Law § 349 ...............................................................7, 8, 9, 10

**Other Authorities**

Federal Rule of Civil Procedure 12...........................................1, 3, 4, 13, 15

Federal Rule of Civil Procedure 10(c) .........................................................2

Troutman Pepper Hamilton Sanders LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111

CASE NO. 3:20-CV-5296-JD

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

The named plaintiffs in this action, hailing from Georgia, New York, and California, have filed suit alleging that defendant Wells Fargo Bank, N.A. ("Wells Fargo") imposed or extended forbearance plans on their mortgage loans—essentially, temporarily suspending their monthly payment obligations—without their consent.  Plaintiffs also seek to challenge (on either a state or nationwide class basis) certain mortgage-servicing practices that Wells Fargo allegedly adopted during the coronavirus pandemic and accompanying economic turmoil in order to comply with the federal government's Coronavirus Aid, Relief, and Economic Security Act and provide immediate financial relief to customers.[2]

Plaintiffs Samara Green, Brett Jacob, and Charles Johnson's first amended complaint ("FAC") should be dismissed under Rule 12(b)(6) for failure to state a viable claim for relief. The FAC's claims alleging violations of the unfair business practice statutes in Georgia and New York cannot get off the ground because courts in those states have exempted mortgage-servicing activity from the statutes' coverage. Also, both states' statutes require plaintiffs to incur actual damages in order to succeed on a claim, and the named plaintiffs allege no injury other than speculative and theoretical damages. This lack of real, meaningful damages also dooms the FAC's claim premised on California's Consumer Credit Reporting Agencies Act. The FAC further tries to make a claim based on the Rosenthal Act, but does not succeed at shoehorning plaintiffs' "non-consensual forbearance" fact pattern into any of the prohibited practices listed in the federal Fair Debt Collection Practices Act that serve as a predicate for Rosenthal Act liability. Finally, the FAC fails to state a claim based on the theory of unjust enrichment, since the challenged forbearance plans self-evidently did not enrich Wells Fargo (indeed, quite the reverse).

---

[2] Wells Fargo & Co. ("WFC")—Wells Fargo's parent entity—is not a national bank, does not service mortgage loans, and is named only as a tagalong defendant. The claims as to WFC fail for the same reasons set forth below and because none of the allegations pertain directly to WFC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    Accordingly, for the reasons set forth in greater detail below, both Wells Fargo entities

2    respectfully request that the Court dismiss the FAC with prejudice.

3    
## II.
## FACTUAL & PROCEDURAL HISTORY

4    

5    **A.    The CARES Act**

6    In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

7    ("CARES Act") in response to the national COVID-19 pandemic. Pub. L. 116-136, §§ 4022(b),

8    4023, 134 Stat. 281, 490–92 (2020). The $2.2 trillion CARES Act includes provisions that allow

9    mortgage servicers to provide forbearance relief to borrowers of federally backed mortgages

10   experiencing hardship due to COVID-19. *See* FAC ¶¶ 6–7.  Specifically, under the CARES Act,

11   borrowers of federally-backed mortgages who have experienced a financial hardship, indirectly or

12   directly, due to the COVID-19 emergency may obtain a forbearance for up to 180 days as well as

13   an extension for up to another 180 days (for a total of 360 days).  CARES Act, Pub. L. 116-136,

14   § 4022(b), 134 Stat. 281, 490.  The forbearance of mortgage payments does not forgive the

15   borrower's obligation to make mortgage payments; instead, it temporarily suspends the

16   borrower's duty to make payments during the applicable forbearance period. *See* FAC ¶ 58.

17   Borrowers can work with their loan servicer on how to address suspended payments in the long-

18   term. Options may include repayment arrangements, loan modifications, payment deferrals, or

19   paying back the forborne payments immediately. *Id.*[3]

20   _____

21   [3] In its discussion of the CARES Act, the FAC makes numerous references to news articles,
statements by government officials, and other extraneous materials. *E.g.* FAC ¶¶ 18, 22, 23 &

22   n.2–8. The Court should entirely disregard these references in analyzing this motion to dismiss.
On a motion to dismiss, the court's review is limited to the allegations of the complaint and

23   written instruments properly incorporated by reference under Rule 10(c). *Goines v. Valley Cmty.
Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016) (declining to consider incident report quoted in, but

24   not attached to, the complaint where plaintiff's claims did not turn on the statements contained in
the report).  Rule 10(c) is not "a license to plead [one's] case by exhibit." *Perkins v. Silverstein*,

25   939 F.2d 463, 467 (7th Cir. 1991).  Moreover, federal courts have ruled that certain documents
are not "written instruments" as that term is used in Rule 10(c) such as newspaper articles, media

26   commentaries, and editorial cartoons.  *Id.* at 467 n.2; *see also United States v. Ritchie*, 342 F.3d
903, 908 (9th Cir. 2003). Accordingly, Rule 10(c) does not support the incorporation by

27   reference—or consideration on a motion to dismiss—of newspaper articles and written
instruments not forming the basis of Plaintiffs' claims.

28   

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

- 2 -                                    CASE NO. 3:20-CV-5296-JD

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**B.**     **Plaintiffs' Mortgage Loans**

Plaintiff Green resides in Rockdale County, Georgia. FAC ¶ 28. She alleges that Wells Fargo, her mortgage servicer, placed her loan into forbearance in June 2020 without her consent. FAC ¶¶ 143–57. She does not aver that she incurred any damages but claims that the forbearance appears on her credit report. *Id.* ¶ 155.

Plaintiff Jacob resides in Nassau County, New York. FAC ¶ 29. Like Green, he alleges that Wells Fargo placed his mortgage loan into forbearance in June 2020 without his consent. *Id.* ¶¶ 131–40. Jacob claims he was denied "at least in part" for a small business loan because his prospective lender saw the forbearance data on his credit report. *Id.* ¶ 138.

Plaintiff Johnson resides in Riverside County, California. FAC ¶ 30. He alleges that he called Wells Fargo, his mortgage servicer, at the end of March 2020 and requested that his account be placed in forbearance.  *Id.* ¶ 160. Johnson further alleges that, consistent with his request, Wells Fargo placed his account into forbearance for three months. *Id.* ¶¶ 161–62. But Johnson contends that Wells Fargo later extended his forbearance beyond this initial three-month period without his consent. *Id.* ¶¶ 166–169, 175. Johnson alleges that Wells Fargo inaccurately reported his forbearance *extension* to the credit reporting agencies, which caused his credit score to drop.  *Id.* ¶¶ 180–81. Johnson claims that he suffered unspecified "damages to his credit and reputation" as a result. *Id.* ¶ 185.

**C.**     **This Lawsuit**

Plaintiffs filed an initial complaint in July 2020, followed by the FAC in August. ECF 1, 10. In early September, the Court administratively related this matter to *Delpapa v. Wells Fargo Bank, N.A.*, No. 3:20-cv-06009-JD. ECF 17. Shortly thereafter, Wells Fargo moved to stay this matter and *Delpapa*, or in the alternative to transfer both cases to the Western District of Virginia based on the first-to-file rule.[4] ECF 19. That motion hearing is set for October 29, 2020. As Wells Fargo's response deadline to the FAC falls before the hearing on the stay/transfer motion, Wells Fargo now brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12. Should

---

[4] *See Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (explaining the first-to-file rule).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    this Court grant Wells Fargo's motion to stay or transfer, it need not reach this motion to dismiss.

2                                            **III.**
3                                   **LEGAL STANDARD**

4          Under Rule 12(b)(6), a claim should be dismissed because of a "failure to state a claim

5    upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a

6    cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal

7    theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v.*

8    *Block*, 250 F.3d 729, 732 (9th Cir. 2001).

9          In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

10   true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet*

11   *Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir.

12   1999). The Court, however, is not required "to accept as true allegations that are merely

13   conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec.*

14   *Litig.*, 536 F.3d 1049, 1056–57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979,

15   988 (9th Cir. 2001). Although they may provide a framework for a complaint, legal conclusions

16   need not be accepted as true, and "[t]hreadbare recitals of elements of a cause of action, supported

17   by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

18   *also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

19         The process of "determining whether a complaint states a plausible claim is context-

20   specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556

21   U.S. at 679; *see also Friends of Del Norte v. Cal. Dep't of Transp.*, No. 3:18-cv-00129-JD, 2020

22   WL 1812175, at *2 (N.D. Cal. Apr. 9, 2020). As a result, courts do not assume that the plaintiffs

23   "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in

24   ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of*

25   *Carpenters*, 459 U.S. 519, 526 (1983).

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# IV.
# ARGUMENT

The FAC lists five causes of action: (1) a claim under the Georgia Fair Business Practices Act ("GFBPA"), Ga. Code Ann. §§ 10-1-390 *et seq.*, which pertains to Green and a purported "Georgia Class," FAC ¶¶ 197–205; (2) a claim under the New York Deceptive Trade Practices Act ("NY DTPA"), N.Y. Gen. Bus. Law § 340, which pertains to Jacob and a purported "New York Class," FAC ¶¶ 206–217; (3) a claim under the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.*, which pertains to Johnson and a purported "California Class," FAC ¶¶ 218–230; (4) a claim under the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et seq.*, which also pertains to Johnson and a purported "California Class," FAC ¶¶ 231–242; and (5) a claim for unjust enrichment, pertaining to all three plaintiffs and a purported "Nationwide Class," FAC ¶¶ 243–248. As explained below, none of these claims should survive the pleading stage.

## A.     The FAC Fails to State a Claim Under the Georgia Fair Business Practices Act

The FAC's first claim cannot survive the pleading stage because Georgia's statute prohibiting unfair business practices has been universally construed as inapplicable to mortgage-servicing activity. And on top of that, actual damage is an essential element of any claim under the statute. The FAC, however, does not aver that Green incurred any harm as a result of being relieved of the obligation to make payments on her mortgage loan for a few months.

### 1.     The GFBPA Does Not Apply to Residential Mortgage Servicing Activity

The Georgia Fair Business Practices Act ("GFBPA") prohibits, generally, "'unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.'" In *re Equifax, Inc., Customer Data Sec. Breach Litig.*, 371 F. Sup. 3d 1150, 1177–78 (N.D. Ga. 2019) (quoting Ga. Code Ann. § 10-1-393(A)). A "[c]onsumer transaction[]" is defined as the "sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." Ga. Code Ann. § 10-1-392(A)(10). "Consumer acts or practices" are defined as "acts or practices intended to encourage consumer transactions." *Id.* § 10-1-392(A)(7).

Importantly, "[b]ased on the intent of the statute, only the *unregulated* consumer marketplace falls within the scope of the FBPA, not regulated areas of activity." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375–76 (M.D. Ga. 2011) (emphasis added); *see also Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) ("[T]he legislature 'intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise."); *Chancellor v. Gateway Lincoln-Mercury*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1998).

For this reason, given the highly regulated nature of the mortgage industry, Georgia courts have recognized an explicit carve-out for mortgage-related claims brought under the FBPA. *Jenkins*, 822 F. Supp. 2d at 1376 (M.D. Ga. 2011) ("In this case, Plaintiff's claims all arise from a private mortgage transaction. Mortgages are heavily regulated under both state and federal law, and also do not affect the public consumer marketplace. The FBPA was only intended to provide relief to individuals who suffer harm within the context of the unregulated consumer marketplace, and therefore, Plaintiff's claims are exempt from the FBPA."); *Figueroa v. JP Morgan Chase Bank, N.A.*, No. 109-CV-1874-RWS, 2010 WL 4117032, at *5 (N.D. Ga. Oct. 7, 2010) ("The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act. Therefore, [t]he FBPA does not apply to residential mortgage transactions." (internal citations omitted)).[5]

Here, Wells Fargo Bank's alleged placement of Green's loan into temporary forbearance was unquestionably a mortgage-servicing activity. She—and any putative class members— therefore cannot state a GFBPA claim as a matter of law.

---

[5] *See also Jackman v. Hasty*, No. 1:11-CV-2485-RWS, 2011 WL 854878 at *6 (N.D. Ga. Mar. 8, 2011) ("Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims relating to either are exempt from the . . . [GFBPA]."); *Sutton v. Bank of Am.*, N.A., No. 1:11-CV-3765-CAP, 2012 WL 2394533, at *6 (N.D. Ga. Apr. 11, 2012) (same); *In re Salvador*, 456 B.R. 610, 626 (Bankr. M.D. Ga. 2011) ("Because mortgage transactions are regulated by TILA, RESPA and the Georgia Residential Mortgage Act, the FBPA does not apply to residential mortgage transactions.").

CASE NO. 3:20-CV-5296-JD

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

2.      **The FAC Does Not Allege That Green Suffered Any Actual Damages**

Even if mortgage serving were not exempted from the GFBPA, courts have held that any claim under the statute requires a showing of injury, explaining that "[a] violation of the FBPA has three elements: (1) a violation of the Act, (2) causation, and (3) injury." *Jenkins*, 822 F. Supp. 2d at 1375. Put differently, a viable FBPA claim requires "violation of the statute plus some cognizable harm." *Turner v. Moody Bible Inst. of Chicago, Inc.*, No. 1:15-CV-03711-LMM, 2016 WL 7839105, at *4 (N.D. Ga. Mar. 9, 2016).

This means that a would-be plaintiff must plead facts showing the existence of an actual injury; merely conceptual injuries, such as Green's alleged harms, do not count. *See, e.g.*, *Agnew v. Great Atl. & Pac. Tea Co.*, 502 S.E.2d 735, 737 (Ga. App. 1998) (no viable claim where plaintiff was aware misleading promotion did not apply to products he purchased).  Likewise, speculative or future damages are insufficient. *See, e.g.*, *Tiismann v. Linda Martin Homes Corp.*, 610 S.E.2d 68, 70 (Ga. 2005) ("Tiismann clearly did not suffer any actual damages at the time of the alleged FBPA violation. He could not have suffered any such damages at least until LMH conveyed the house to him without complying with code requirements or used the contractual language in question to deny liability.").

Here, the only "harm" Green claims to have suffered is that her allegedly unwanted forbearance plan appeared on her credit report. FAC ¶ 155–56. The FAC does not explain how this harmed her—not even conceptually, and certainly not concretely. For this second reason, the FAC's GFBPA claim is not viable and should not be allowed past the pleading stage.

**B.      The FAC Fails to State a Claim Under the New York Deceptive Trade Practices Act**

As with the Georgia statute, plaintiffs cannot state a claim for violation of New York's unfair business practices statute for two reasons: first, courts have held that the statute does not apply to mortgage servicing claims; and second, a showing of concrete damages is a necessary element of any claim under the statute.

1.      **The NY DTPA Does Not Apply to Residential Mortgage Servicing Activity**

"To establish a prima facie case for a claim of deceptive trade practices under N.Y. Gen. Bus. Law § 349, a claimant must allege that: '(1) the defendant's deceptive acts were directed at

- 7 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (citations omitted). With respect to the "consumer-oriented" aspect of a section 349 claim, "[c]onsumer-oriented conduct 'need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large.'" *Koch v. Greenberg*, No. 07 Civ. 9600(BSJ), 2008 WL 4450273, at *5 (S.D.N.Y. Sept. 30, 2008) (quoting *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320 (N.Y. 1995)).

"[A] mortgage transaction is not an orthodox or classic example of a claim brought under [Section 349.]" *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434 RRM/VVP, 2010 WL 889256, at *15 (E.D.N.Y. Mar. 10, 2010). Rather, "[t]he typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods, usually by way of false and misleading advertising." *Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141, 146 (N.Y. App. Div. 1995); *see also Fellows v. CitiMortgage, Inc.*, 710 F. Supp. 2d 385, 403 (S.D.N.Y. 2010) (where claim would frustrate federal scheme for providing a uniform standard for cancellation of private mortgage insurance and related servicing activity, Section 349 claim was preempted altogether). Generally, a viable claim under the statute requires "conduct directed at members of the public generally." *Rhodes v. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2006-HE3*, No. 07 CV 1544 (ERK), 2007 WL 9723296, at *8 (E.D.N.Y. Aug. 6, 2007). "Private dispute[s] [are] not within the ambit of the statute" and, standing alone, cannot form the basis for a cause of action. *Id.* (dismissing section 349 claim on this basis).

Here, the FAC does not allege false or misleading advertising; nor does it allege conduct directed at members of the public generally. It avers, in essence, that Jacob and Wells Fargo have a private and individualized dispute about whether Jacob agreed that his mortgage loan should be put in a forbearance plan. This set of facts, standing alone, is insufficient to support a NY DTPA claim absent some indication of an effect directed towards the general public at large (whether they be Wells Fargo mortgagors or not). Thus, without more, the NY DTPA claim is defective and should be dismissed.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### 2.    The FAC Does Not Allege That Jacob Suffered Any Actual Damages

Section 349 explicitly requires private plaintiffs to plead the existence of actual injury to pursue a claim. Under section 349(h), "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions."

Courts have consistently held that this provision of Section 349 creates a requirement that plaintiffs demonstrate the existence of an injury. "Sections 349 and 350 of New York's General Business Law have three elements: 1) the defendant engaged in 'consumer-oriented conduct,' 2) such conduct is 'materially misleading,' and 3) the plaintiff 'suffered injury as a result of the allegedly deceptive act or practice.'" *Hasemann v. Gerber Prods. Co.*, No. 15CV2995MKBRER, 2019 WL 2250687, at *13 (E.D.N.Y. Feb. 20, 2019), *report and recommendation adopted as modified*, 331 F.R.D. 239 (E.D.N.Y. 2019); *see also Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38 (E.D.N.Y. 2017)).

Moreover, the injury alleged by the plaintiff must be an "actual injury." *Bildstein v. Mastercard Int'l Inc.*, No. 03 Civ. 98261(WHP), 2005 WL 1324972, at *2 (S.D.N.Y. June 6, 2005). Notably, the deceptive act itself cannot be the injury. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897–98 (1999) (injury must be separate and distinct from the deceptive act). Although some courts have recognized the possibility of "non-pecuniary injury," this applies only to extreme circumstances, and not everyday mundane annoyances. *See, e.g.*, *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 186 (E.D.N.Y. 2018) ("Plaintiff's annoyance at being unable to confidently purchase Defendant's Product does not rise to the type of non-pecuniary injury recognized under New York law.").

Here, Jacob's supposed damage allegations are speculative and terse. He claims that he "attempted to secure a small-business loan and was denied, *at least in part*, because the lender pulled his credit report and saw that his mortgage had been placed in forbearance." FAC ¶ 137 (emphasis added). He further speculates, without elaboration, that his "attempt to refinance his mortgage and to obtain a lower interest rate on his mortgage was denied because Wells Fargo

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

placed his mortgage into forbearance without his consent." *Id.* ¶ 138.  These allegations fall well short of the particularized damage pleading requirements for section 349. As such, the Court should dismiss the FAC's second cause of action at the pleading stage.

## C.     The FAC Fails to State a Claim Under the California Consumer Credit Reporting Agencies Act

Johnson and the purported California Class also seek to state a claim against Wells Fargo based on section 1785.25(a) of the California Civil Code, which is part of the California Consumer Credit Reporting Agencies Act.  Plaintiffs allege that Wells Fargo violated section 1785.25(a) by furnishing information to the credit reporting agencies indicating that Johnson's mortgage loan was in forbearance *extension* and by failing to furnish information to indicate he made payments during the forbearance period—thereby making his principal balance appear larger than it should have been. FAC ¶¶ 223–25.

Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Courts have held that "'[t]he phrase 'incomplete or inaccurate' in section 1785.25(a) requires furnishers of credit information from not only refrain[ing] from making any reports that are obviously wrong or missing crucial data, but also that the reports not contain information that is materially misleading.'" *Gamble v. Synchrony Bank*, No. EDCV 19-1229 JGB (SPx), 2020 WL 4258646, at *4 (C.D. Cal. Apr. 30, 2020).

To prevail on a CCRAA claim, a "[p]laintiff must prove that (1) Defendant is a 'person' under the CCRAA, (2) Defendant reported information to a consumer reporting agency, (3) the information reported was inaccurate, (4) Plaintiff was harmed, and (5) Defendant knew or should have known the information was inaccurate." *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *14 (N.D. Cal. Dec. 20, 2017).  Moreover, "even if Plaintiff proves these five elements, Defendant is not liable if Defendant establishes that Defendant maintained reasonable procedures to comply with § 1785.25." *Id.*[6]

---

[6] This defense exists because the CCRAA includes a safe-harbor provision for furnishers of credit information like Wells Fargo.  A furnisher that would otherwise be liable under section

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1   Here, Johnson's CCRAA claim fails for the same reason that Green and Jacob's unfair

2   business practices claims fail; namely, the FAC is devoid of meaningful allegations to support the

3   damages element. The FAC's vague and unsubstantiated gesture towards "damages to

4   [Johnson's] credit and reputation" is inadequate. Moreover, his reference to an alleged drop in his

5   credit score as a result of the extension of his forbearance agreement is speculative at best. FAC

6   ¶ 181.

7   It is well-settled that "[a]bsent actual damages, a CCRAA claim fails as a matter of law."

8   *Banga v. Experian Info. Sol., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *7 (N.D. Cal.

9   Sept. 30, 2013); *see also Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 637–39

10  (2007) (affirming summary judgment on CCRAA claim where plaintiffs failed to raise a triable

11  issue of fact as to damages), *disapproved on other grounds by Connor v. First Student, Inc.*,

12  5 Cal.5th 1026, 958 (2018); *Raquedan v. Volume Servs., Inc.*, No. 18-CV-01139-LHK, 2020 WL

13  1929343, at *2 (N.D. Cal. Apr. 21, 2020) (puzzling over why class action plaintiffs asserted a

14  CCRAA claim when they conceded that they "suffered no tangible economic injury"). The FAC's

15  bare-bones pleading is not adequate to get the CCRAA claim past the pleading stage in this case

16  and should be dismissed.

17  **D.    <u>The FAC Fails to State a Claim Under California's Rosenthal Act</u>**

18  California's version of the Fair Debt Collection Practices Act ("FDCPA"), "called the

19  Rosenthal Act or RFDCPA, 'mimics or incorporates by reference the FDCPA's requirements. . .

20  and makes available the FDCPA's remedies' as independent violations." *Saechao v. Prime*

21  *Recovery LLC*, No. 2:19-cv-1723 KJM DB, 2020 WL 2731035, at *3 (E.D. Cal. May 26, 2020)

22  (quoting *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012)).

23  The Rosenthal Act's purpose is to "prohibit debt collectors from engaging in unfair or

24  deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1. To state

25  a claim under the Rosenthal Act, the plaintiff must establish that: (1) he/she is a "consumer";

26

27  1785.25(a) can avoid liability if it "establishes by a preponderance of the evidence that, at the
time of the failure to comply with [1785.25(a)], the furnisher maintained reasonable procedures to
28  comply with those provisions."  Cal. Civ. Code § 1785.25(a).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

(2) the plaintiff was the object of a collection activity arising from a "debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated one or more of sections 1692b to 1692j of the federal FDCPA. *Flores v. Collection Consultants of Cal.*, No. SACV 14-771-DOC (RNBx), 2015 WL 4254032, at *4 (C.D. Cal. Mar. 20, 2015) (citations omitted).

In this instance, the FAC's Rosenthal Act claim fails on the fourth element—the absence of any predicate FDCPA violation. Section 1692e of the FDCPA generally prohibits the use of "false, deceptive, or misleading representation or means" to collect a debt. It lists sixteen enumerated examples of conduct that would violate the statute. Section 1692f of the FDCPA generally prohibits the use of "unfair or conscionable means" to collect a debt, with eight enumerated examples. The following table identifies the specific FDCPA predicate statutes alleged in the FAC—all portions of either 15 U.S.C. § 1692e or § 1692f.

| FDCPA Predicate Subsection | Relevant Statutory Language |
| --- | --- |
| 15 U.S.C. § 1692e(2) | This subsection bars "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." |
| 15 U.S.C. § 1692e(5) | This subsection bars "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." |
| 15 U.S.C. § 1692e(8) | This subsection bars "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." |
| 15 U.S.C. § 1692e(10) | This subsection bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." |
| 15 U.S.C. § 1692f(1) | This subsection bars "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." |

The FAC unsurprisingly struggles to place its alleged facts for any of the three plaintiffs within any of these predicate statutes. Allegedly putting the three named plaintiffs into forbearance plans or extending forbearance without their consent simply does not fit into any of the enumerated examples. Indeed, putting someone in a forbearance plan and relieving them of the obligation to make monthly payments is the opposite of debt collection. *See Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387–89 (7th Cir. 1998) (noting that correspondence

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

1  regarding a forbearance agreement is not actionable under the FDCPA because it is not debt

2  collection).  The FAC's attempt to cherry-pick a few enumerated predicate subsections to fit the

3  alleged facts is unconvincing. Consequently, the fourth element of the Rosenthal Act claim is not

4  adequately alleged. This claim should be dismissed under Rule 12(b)(6).

5  **E.**     **The FAC Fails to State a Claim for Unjust Enrichment**

6           Finally, the FAC seeks to state a claim on behalf of all three named plaintiffs and a

7  nationwide class based on a generic unjust enrichment theory. California law is generally

8  consistent with national unjust-enrichment jurisprudence. The elements of such a claim under

9  California law are "(1) receipt of a benefit; and (2) unjust retention of the benefit at the expense

10  of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *cf. May v. S.E. GA*

11  *Ford, Inc.*, 811 S.E.2d 14, 18 (Ga. App. 2018) ("The theory of unjust enrichment applies when

12  there is no legal contract and when there has been a benefit conferred which would result in an

13  unjust enrichment unless compensated."); *County of Nassau v. Expedia, Inc.*, 120 A.D. 3d 1178,

14  1180 (N.Y. App. Div. 2014) ("The elements of unjust enrichment are that the defendants were

15  enriched, at the plaintiff's expense, and that it is against equity and good conscience to permit the

16  defendants to retain what is sought to be recovered.").

17           With respect to Green, despite the above-stated formulation of elements, unjust

18  enrichment is not actually a separate cause of action in California, nor even a recognized remedy.

19  "[T]here is no cause of action in California for unjust enrichment[.] Unjust enrichment is 'a

20  general principle, underlying various doctrines and remedies,' rather than a remedy itself. It is

21  synonymous with restitution." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793

22  (2003) (internal citations omitted). "There is no cause of action for unjust enrichment. Rather,

23  unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a

24  constructive trust." *McKell v. Wash. Mut., Inc.*, 142 Cal.App.4th 1457, 1490 (2006); *see also*

25  *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014); *Hill v. Roll Int'l*

26  *Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th

27  1117, 1138 (2010).

28           Moreover, the FAC does not allege that any of the plaintiffs provided any benefit to Wells

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA  94111

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Fargo or that Wells Fargo somehow obtained a benefit at their expense. Indeed, it is hard to see how plaintiffs could possibly have enriched Wells Fargo when it was their *own* obligation to make mortgage payments that was suspended during the pandemic. Any "benefit" under an unjust enrichment theory must come at the expense or loss *of the plaintiff*. *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) (noting that unjust enrichment entails not only receipt and retention of a benefit, but that the benefit must be at the expense of another). None of the plaintiffs allege that Wells Fargo's supposed enrichment (if any) came about through their own economic losses. As a result, this claim also fails as a matter of law.

**F.    Wells Fargo & Company Does Not Belong in This Lawsuit**

Even if some of plaintiffs' claims survive the pleading stage as against Wells Fargo Bank, N.A., the remaining defendant, Wells Fargo & Company, should be dismissed as a defendant. *See supra*, n.1. Plaintiffs have not pleaded that WFC acted as their mortgage servicer or otherwise engaged in any of the conduct that the FAC challenges.

Nor does the FAC allege any meaningful facts to support the notion that this Court should pierce the corporate veil between Wells Fargo & Company and Wells Fargo Bank. Generally, "a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). In order to perform a veil-piercing analysis, the Court would have to look to Delaware law, as Delaware is WFC's state of incorporation.[7] "Delaware public policy does not lightly disregard the separate legal existence of corporations." *Doberstein v. G-P Indus., Inc.*, C.A. No. 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015). "To state a 'veil-piercing claim,' the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*,

---

[7] *Citigroup Inc. v. AHW Inv. P'ship*, 140 A.3d 1125, 1135–36 (Del. 2016) (the veil-piercing analysis "has to be governed by the laws of the state in which [the parent] is incorporated"); *see also Leitner v. Sadhana Temple of N.Y., Inc.*, No. CV 13-07902 MMM (Ex), 2014 WL 12588643, at *16 (C.D. Cal. Oct. 14, 2017) (explaining that the law of the state of incorporation should be used to conduct the veil-piercing analysis, since that state has a "substantial interest in determining whether to pierce the corporate veil of one of its corporations").

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

836 A.2d 492, 497 (Del. 2003). "Specific facts a court may consider when being asked to disregard the corporate form include: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *Doberstein*, 2015 WL 6606484, at *4.

Since plaintiffs neither challenge WFC's direct conduct, nor attempt to make any case for piercing WFC's corporate veil by alleging facts to support the above-referenced elements of veil-piercing, the Court should dismiss WFC from this lawsuit under Rule 12(b)(6).

**V.**
**CONCLUSION**

For the foregoing reasons, defendants Wells Fargo Bank, N.A., and Wells Fargo & Company respectfully request the Court to dismiss this case with prejudice.

Dated:          October 9, 2020                    Respectfully Submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By:*/s/ Kalama M. Lui-Kwan*
     Kalama M. Lui-Kwan
     Elizabeth Holt Andrews

     *Attorneys for Defendants Wells Fargo
     Bank, N.A. and Wells Fargo & Company*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111